IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| RONNIE W. SMITH, | : | |
| Plaintiff, | : | Case No. 2:06CV00187DAK |
| vs. | : | |
| | | **MEMORANDUM DECISION AND** |
| JO ANNE B. BARNHART, | : | **ORDER** |
| Commissioner of Social Security, | | |
| | : | |
| Defendant. | | |

Before the Court is Plaintiff's request that this Court reverse the final agency decision by the Commissioner of Social Security, which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  See 42 U.S.C. §§ 401-433, 1381-1383F (2006).  Defendant argues that Plaintiff's application was denied because the Administrative Law Judge ("ALJ") found that Plaintiff was able to return to his past relevant work as a cashier, and therefore is not disabled. Plaintiff challenges the ALJ's decision by arguing that it is not supported by substantial evidence and is legally erroneous.

Having considered the parties' memoranda, oral arguments, and the relevant law, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## BACKGROUND

Plaintiff applied for DIB and SSI in July 2003, alleging disability from May 29, 2003 (Tr. 51-54, 150-154).  Plaintiff's claim was denied at the initial and reconsideration levels of

administrative review (Tr. 38-40, 42-44).  At Plaintiff's request, an ALJ heard the case on

February 9, 2005 (Tr. 175-198).

In a May 12, 2005 decision, the ALJ denied Plaintiff's claim, finding that Plaintiff

retained the residual functional capacity to perform his past relevant work as a cashier (Tr. 14-

24).  The Appeals Council denied Plaintiff's subsequent request for review (Tr. 5-8), making the

ALJ's decision the Commissioner's final decision.  See 20 C.F.R. §§ 404.981.  On March 2,

2006, Plaintiff filed this action seeking review of the ALJ's decision (Doc. No. 1).

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to "determine whether the factual

findings are supported by substantial evidence in the record and whether the correct legal

standards were applied."  Hackett v. Barnhart, 395 F.3d 1168, 1172 (190th Cir. 2005).  The

findings of the Commissioner, "if supported by substantial evidence, shall be conclusive." 42

U.S.C. 405(g) (2005).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  Grogan v. Barnhart, 399

F.3d 1257, 1261 (10th Cir. 2003); see also Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir.

2003); Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).  "'Evidence is not substantial if it

is overwhelmed by other evidence in the record or constitutes mere conclusion.'"  Grogan, 399

F.3d at 1261-1262 (quoting Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992)); see

also O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) ("Evidence is insubstantial if it is

overwhelmingly contradicted by other evidence."); Trimiar v. Sullivan, 966 F.2d 1326, 1329

(10th Cir. 1992) ("A finding of 'no substantial evidence' will be found only where there is a

2

'conspicuous absence of credible choices' or 'no contrary medical evidence.'") (Citations omitted.)).

In conducting its review, a court must "examine the record closely to determine whether substantial evidence supports" the Commissioner's decision. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1019 (10th Cir. 1996). However, a court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001 (citation omitted); <u>see also</u> <u>Grogan</u>, 399 F.3d at 1262 (noting that although the court does not reweigh the evidence, it must meticulously examine the record as a whole to determine if the substantiality test has been met).

The Court's review also extends to determining whether the Commissioner applied the correct legal standards. <u>See</u> <u>Qualls</u>, 206 F.3d at 1371. Reversal may be appropriate where the Commissioner uses the wrong legal standards of the Commissioner fails to demonstrate reliance on the correct legal standards. <u>See</u> <u>Glass v. Shalala</u>, 43 F.3d 1392, 1395 (10th Cir. 1994); <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1487 (10th Cir. 1993); <u>Andrae v. Secr'y of Health and Human Servs.</u>, 985 F.2d 1045, 11047 (10th Cir. 1993).

## <u>ANALYSIS</u>

Plaintiff makes the following four arguments to the Court: (1) the ALJ erred in failing to give sufficient weight to Plaintiff's treating physician's opinion; (2) the ALJ erred in finding Plaintiff retained the residual functional capacity to perform a range of light work; (3) the ALJ erred in evaluating whether Plaintiff's impairments met or equaled a listed impairment; and (4) the ALJ erred in finding Plaintiff's complaints were not credible. The Court addresses these arguments in turn.

**A.  Whether The ALJ Properly Evaluated Plaintiff's Treating Physician's Opinion.**

Plaintiff challenges the ALJ's treatment of the September 2003 and March 2004 opinions of Dr. Cain, that Plaintiff was totally disabled (Tr. 119).

The ALJ did not accept Dr. Cain's opinions because they were inconsistent with the lack of objective findings on examination, as well as his June 2003 statement that Plaintiff could return to full time work (Tr. 123).  As the ALJ noted, Dr. Cain's opinions were especially inconsistent with the lack of objective findings on examination, particularly the lack of objective findings in his own treatment notes (Tr. 115-29).  Notably, Dr. Cain's treatment notes show Plaintiff complained of numbness and tingling in his hands, but these notes contain no notations of Plaintiff having any abnormalities on physical examination, except for high blood pressure and obesity (Tr. 115-29, see Tr. 124, 126, 127, 128).  Dr. Cain's opinion that Plaintiff could not stand more than 30 minutes at a time or more than two hours a day or walk a block on uneven ground also conflicts with Plaintiff's own statement to Dr. Nelson that he did not have any limitations with regard to standing and walking (Tr. 129).

The Court also notes that Dr. Cain's opinions amounted to an ultimate determination of disability, an issue reserved to the Commissioner.  See 20 C.F.R. § 404.1527(e) (stating that medical source opinions on issues reserved to the Commissioner, such as whether a claimant is "disabled" or "unable to work," are not entitled to "any special significance").  Therefore, the Court concludes that the ALJ properly considered and discounted Dr. Cain's opinions, and therefore rejects Plaintiff's argument.

The Court also rejects Plaintiff's argument that the ALJ did not state what weight he gave to Dr. Reichman's "opinion" that he had residual spinal cord damage at C5 from his original

injury which would explain his symptoms (Tr. 114), because the ALJ noted this evidence in his

decision, and apparently accepted it because he found Plaintiff had severe status post fusion with

residual spinal cord damage at C5, which resulted in significant limitations in his ability to

perform work related activities (Tr. 19, 21).  Thus, the ALJ did not "reject" this opinion as

Plaintiff alleges.

### B.  Whether the ALJ Properly Assessed Plaintiff's Residual Functional Capacity.

Plaintiff challenges the ALJ's determination that Plaintiff retained the residual functional

capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand one to two

hours at a time for a total of six hours in an eight-hour work day; walk a half hour at a time for a

total of six hours in an eight-hour work day; and sit 30 minutes to one hour at a time for a total

of six hours in an eight hour work day, and that his ability to perform fine and gross manual

dexterity would be reduced by 50 percent and he would be expected to miss 24 days of work per

year because of discomfort, side effects of pain medications, and mildly decreased concentration

(Tr. 21).  Plaintiff's argument rests on his assertion that the ALJ improperly rejected his treating

physician's opinions.  Because the Court has rejected Plaintiff's argument challenging the ALJ's

rejection of Dr. Constantino's opinion, the Court also rejects Plaintiff's argument challenging the

ALJ's residual functional capacity assessment.

Moreover, the objective clinical findings on examination contradicted the lay evidence

from the field office employee and Plaintiff's supervisor that they had observed him to have

major difficulty using his hands, the ALJ was not required to accept that evidence.  See

Ostronski, 94 F.3d 413, 419 (8th Cir. 1996) (where lay witness statements merely corroborated

[claimant's] testimony regarding her activities; and the testimony conflicted with the medical

5

evidence regarding [claimant's]" functional capabilities. . . the ALJ had a solid basis for discounting [claimant's] lay witness testimony."

### C.  Whether Plaintiff's Impairments Met or Equaled a Listed Impairment.

Plaintiff also challenges the ALJ's determination at step three of the statutory five-step disability analysis that Plaintiff's impairments did not meet or equal a listed impairment. Specifically, Plaintiff challenges the ALJ's finding by arguing that Plaintiff's back impairment met the criterial of Listing 1.04.[1]

At step three, the claimant has the burden of demonstrating through medical evidence that his impairments "meet all of the specified medical criteria" contained in a particular listing. Sullivan v. Zebley, 493 U.S. 521, 525, 530 (1990).  When an ALJ finds that an impairment does not meet all of the listing criteria, the ALJ is required to discuss the evidence and explain the finding that the claimant is not disabled at step three.  See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the

---

[1]Listing 1.04, which pertains to disorders of the spine, is a subpart of Listing 1.00, which governs the various categories of musculoskeletal impairments.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00 et seq., 1.04.  In order to show that he meets any musculoskeletal Listing, Plaintiff must show not only that he has the particular impairment at issue, but also that he has a particular level of functional loss, which is defined in Listing 1.00 as the **inability to ambulate effectively** on a sustained basis . . . **or the inability to perform fine and gross movements effectively** on a sustained basis. . . .(emphasis added).  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(a). The "inability to ambulate effectively" is defined generally as "having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities", e.g., "the inability to walk without the use of a walker, two crutches, or two canes."  Id. at § 1.00(B)(2)(b)(1) & (2). Similarly, the "inability to perform fine and gross movements effectively" means an "extreme loss of function in both upper extremities."  Id. at § 1.00(B)(2)(c).

evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  Id. at 1009-10 (citation omitted); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (The ALJ is charged with carefully considering all the evidence.").

Review of the decision reflects that the ALJ thoroughly considered all of Plaintiff's alleged impairments and resulting symptoms in determining he did not have a listing-level impairment (Tr. 21).  The ALJ considered and discussed the medical evidence showing normal findings on examination, including normal strength, reflexes, and sensation, and no deficits in his ability to perform gross and fine manipulation (Tr. 20, see Tr. 131).  The ALJ also considered and discussed Plaintiff's statements that he prepared meals, did laundry and housework, and cared for his cat (Tr. 20, see Tr. 64-65).  The ALJ's step three discussion and findings (Tr. 21) are sufficient to permit meaningful judicial review.  Moreover, remand is also unwarranted because, as discussed below, substantial evidence supports the ALJ's conclusion at step four that Plaintiff retained the RFC to perform his past relevant work.  See Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005) (Where "the ALJ's confirmed findings at step four and five of his analysis, coupled with the indisputable aspects of the medical record, conclusively preclude Claimant's qualification under the listings at step three . . . any deficiency in the ALJ's articulation of his reasoning to support his step three determination is harmless").

Furthermore, the evidence simply failed to reflect that Plaintiff's impairments met a Listing.  No medical professional has stated that Plaintiff's impairments are accompanied by the degree of functional limitation necessary to meet or equal a Listing.  As Plaintiff failed to produce medical opinion evidence indicating he satisfied the requirements of a Listing, the ALJ

reasonably relied upon the only medical expert opinion of record with respect to the Listings determination.  "The ALJ is entitled to rely on the opinions of reviewing physicians when considering whether the claimant meets the requirements of a listed impairment."  Ostronski v. Chater, 94 F.3d 413, 417 (8th Cir. 1996).  It is the claimant's burden to show that his impairment is one that is conclusively presumed to be disabling.  See Yuckert, 482 U.S. 137, 146 n.5 (1987).  Plaintiff has failed to satisfy that burden.

**D.  Whether The ALJ Erred in Finding Plaintiff Was Not Credible.**

Finally, the Court rejects Plaintiff's final argument that the ALJ's finding that Plaintiff was not credible was not supported by substantial evidence.  The Court finds that the ALJ properly considered non-medical evidence in assessing the credibility of Plaintiff's claim that his impairments caused symptoms so severe as to preclude him from performing any work.  See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); see also SSR 96-7p.  The ALJ found that Plaintiff's claims of disabling pain and limitations was not entirely credible in light of the objective medical evidence (discussed above and in the administrative decision), and other inconsistencies in the record, including his description of his activities and lifestyle (Tr. 20-21). See Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988) (credibility may be questioned because of inconsistencies between the claimant's testimony and other evidence of record).

As the ALJ noted in his decision (Tr. 20), Plaintiff acknowledged that he had an active lifestyle, including caring for himself, preparing meals, doing housework, and caring for his cat (Tr. 64-65).  Although evidence of relatively normal activities is not alone determinative on the issue of disability, this evidence, in conjunction with other evidence of record, provided significant support for the ALJ's conclusion that Plaintiff's claim of disabling limitations was

8

not fully credible.  See, e.g., Musgrave, 966 F.2d at 1376.

Other inconsistencies between Plaintiff's statements and the documentary record further detracted from Plaintiff's credibility.  For example, Plaintiff testified at the hearing that he spent six or seven hours every day lying down (Tr. 184), but he did not mention his need to spend most of the day lying down to Dr. Nelson (Tr. 129), and in January 2005, he reported on his self assessment questionnaire that he had to lie down for a total of two hours per day (Tr. 108).  Plaintiff also testified that he was so limited that he could not pick up a spoon (Tr. 184), but Dr. Nelson observed Plaintiff was able to handle small objects without difficulty (Tr. 131), and Plaintiff reported on his self assessment questionnaire that could use his hands for simple grasping (Tr. 108).  Given the inconsistencies in the record, the ALJ was permitted to disbelieve Plaintiff's subjective complaints of disabling limitations.  See Eggleston, 851 F.2d at 1247 (10th Cir. 1988).

In this case, the ALJ provided specific reasons, which are supported by the record, for disbelieving Plaintiff's claim of disabling symptoms.  As the ALJ reasonably explained the basis for his credibility finding, and that finding is supported by the record, the ALJ's credibility finding should not be disturbed on review.  See White, 287 F.3d at 909 (holding that the court may not reweigh the evidence and substitute its judgment for the ALJ's); Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996) (holding that credibility determinations, peculiarly the province of the fact finder, will not be upset when supported by substantial evidence).

## CONCLUSION

For all the foregoing reasons, the Court concludes that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence and is not legally erroneous.  Accordingly,

Plaintiff's request for reversal or remand is DENIED and the Commissioner's decision is

AFFIRMED.

      IT IS SO ORDERED.

           DATED this <u>4th</u> day of December, 2006.

_____
DALE A. KIMBALL
United States District Court

10